**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Charles Grillo, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 645 |
| FFIF-United Opportunity Fund I, LLC, a Delaware limited liability company, | ) ) ) | Judge Aspen Magistrate Judge Denlow |
| Defendant. | ) ) | <u>Jury Demanded</u> |

**AMENDED COMPLAINT**

Plaintiff, Charles Grillo, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.    Plaintiff, Charles Grillo ("Grillo"), is a citizen of the State of Ohio, from whom Defendant, bad debt buyer FFIF-United Opportunity Fund I, LLC, attempted to collect a delinquent consumer debt owed originally for an HSBC credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in

Chicago, Illinois.

4. Defendant, FFIF-United Opportunity Fund I, LLC ("FFIF"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. FFIF collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant FFIF was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Moreover, Defendant FFIF is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant FFIF is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, FFIF conducts business in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Grillo is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed originally to HSBC. At some point in time, Defendant FFIF bought Mr. Grillo's HSBC debt, and when FFIF began trying to collect the HSBC debt from him, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant's collection actions.

8. Specifically, Defendant FFIF hired another debt collector, an Illinois-based law firm, Budzik & Dynia, to demand payment of the HSBC debt from Mr. Grillo.

Accordingly, on June 27, 2011, one of Mr. Grillo's attorneys at LASPD informed Defendant FFIF, through FFIF's attorneys and agents, Budzik & Dynia, that Mr. Grillo was represented by counsel, and directed Defendant to cease contacting him, and to cease all further collection activities because Mr. Grillo was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit B.

9. Undeterred, Defendant FFIF then had another debt collector/law firm, Javitch Block & Rathbone, send Mr. Grillo a collection letter, dated December 7, 2011, which demanded payment of the HSBC debt. A copy of this collection letter is attached as Exhibit C.

10. Accordingly, on January 3, 2012, Mr. Grillo's LASPD attorney again sent Defendant FFIF, through its attorneys/agents, a letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Grillo's agent/attorney, LASPD, told Defendant FFIF to cease communications and cease collections (Exhibit B). By continuing to communicate regarding this debt and demanding payment (Exhibit C), Defendant FFIF violated § 1692c(c) of the FDCPA.

16. Defendant FFIF's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant FFIF knew, or readily could have known, that Mr. Grillo was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant FFIF, in writing (Exhibit B), that Mr. Grillo was represented by counsel, and had directed a cessation of communications with Mr. Grillo. By directly sending a collection letter to Mr. Grillo (Exhibit C), despite being advised that he was represented by counsel, Defendant FFIF violated § 1692c(a)(2) of the FDCPA.

20. Defendant FFIF's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Charles Grillo, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Grillo, and against Defendant FFIF, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Charles Grillo, demands trial by jury.

Charles Grillo,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: February 6, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 6, 2012, a copy of the foregoing **AMENDED COMPLAINT** was electronically filed with the District Court. Notice of this filing will be sent to the following parties via U.S. Mail, first class postage prepaid, before 5:00 p.m. on February 6, 2012.

FFIF -- United Opportunity Fund I, LLC
230 Peachtree Street
Suite 1700
Atlanta, Georgia 30303


/s/ David J. Philipps_____

David J. Philipps     (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
DavePhilipps@aol.com